UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
INTERNATIONAL ASSOCIATION OF        )
SHEET METAL, AIR, RAIL AND          )   No. C15-1270RSL
TRANSPORTATION WORKERS,             )
TRANSPORTATION DIVISION,            )   ORDER DENYING MOTION FOR
                                    )   PRELIMINARY INJUNCTIVE
            v.                      )   RELIEF
                                    )
BNSF RAILWAY COMPANY,               )
_____)

This matter comes before the Court on "Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction." Dkt. #2. The International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation Division ("SMART-TD") seeks an order prohibiting BNSF Railway Company ("BNSF") from establishing interdivisional ("ID") service in eastern Washington and Montana that would involve changes in the way employees are called for work. SMART-TD argues that the proposed changes require alterations to the existing collective bargaining agreements and must be negotiated through the Section 6 process, 45 U.S.C. § 156. SMART-TD seeks an order compelling BNSF to maintain the status quo until the Section 6 process is complete. BNSF, on the other hand, argues that the establishment of ID service with concomitant operational changes is permitted under the existing collective bargaining agreement, specifically Article IX of the 1985 National Agreement, and that it is following the notice and implementation procedures set forth in the contract.

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF

In order to obtain preliminary injunctive relief under the status quo provisions of the Railway Labor Act, SMART-TD must show that the parties' dispute is "major" rather than "minor" as those terms are defined in Consolidated Rail Corp. v. RLEA, 491 U.S. 299, 303 (1989) ("Conrail"). Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having heard the arguments of counsel, the Court finds that the dispute – whether BNSF can establish ID service and impose certain operational changes under Article IX of the 1985 National Agreement – is "minor" and does not trigger the status quo provisions. Whereas "major" disputes "arise where there is no [collective] agreement or where it is sought to change the terms of one," a "minor" dispute "relates either to the meaning or proper application of a particular [existing contract] provision." Conrail, 491 U.S. at 302-03 (quoting Elgin, Joliet & E. Ry. Co. v. Burley, 325 U.S. 711, 723 (1945)). There is a presumption that disputes between a railroad and its unionized employees arise under the governing contract and are therefore minor. "Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement." Conrail, 491 U.S. at 307. In this case, BNSF argues that Article IX of the existing agreement authorizes both the establishment of ID service with working conditions that differ from the prevailing operations and the notice and implementation procedures it has utilized. These arguments are not "obviously insubstantial" or "frivolous," and the dispute is therefore "minor." Conrail, 491 U.S. at 306-07. Thus, the employer may "make the change and the courts must defer to the arbitral jurisdiction of the Board." Conrail, 491 U.S. at 310.

SMART-TD makes no attempt to show that BNSF's assertion of a contractual right to establish ID service and the attendant working conditions cannot be justified by Article IX or that this dispute should otherwise be considered "major." Rather, it argues that (a) BNSF is attempting an end-run around an earlier adverse arbitration award and (b) the railway's service of a Section 6 notice on November 4, 2014, either estopps BNSF from arguing that the dispute is

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF           -2-

"minor" or otherwise abrogates the Conrail analysis. The Court is not persuaded. With regards to the first argument, an arbitration award under one collective bargaining agreement does not automatically govern or preclude a similar argument under a separate agreement. If the first award is to be given preclusive effect, that too is for the arbitrator to decide. Bhd. of Maint. of Way Emps. v. Burlington N. Ry. Co., 24 F.3d 937, 940 (7th Cir. 1994).

With regards to the Section 6 notice BNSF served, the railway has a vast number of lines, only a handful of which have operations that arguably fall within the parameters of Article IX. To the extent BNSF wants to change the way trains are staffed on its other lines, it must seek new contractual rights through the lengthy bargaining and mediation process that accompanies such "major" disputes. Conrail, 491 U.S. at 302. That process was initiated by serving the Section 6 notice on which SMART-TD relies. There is nothing inconsistent or inequitable in utilizing Article IX where applicable and Section 6 where required. Estoppel is not appropriate. Nor does SMART-TD explain why a party's unilateral decision to serve a Section 6 notice would upend the analysis set forth in Conrail and the statutory distinctions between "major" and "minor" disputes. Even if BNSF had filed a Section 6 notice related only to the proposed ID service and then later realized that it had the option to proceed under Article IX, its initial characterization of the dispute would not be binding on the courts. Conrail, 491 U.S. at 306. In determining whether the dispute were "major" or "minor," the Court would undoubtedly take into consideration the railway's apparent concession – even if temporary – that its acts were not authorized under an existing agreement, but the determination would be made on the actual facts, not on the erroneous or tactical move of a party.

The Court, having analyzed this case under the governing legal principles, finds that this dispute is "minor." It is therefore subject to conference and compulsory, binding arbitration. There being no "general statutory obligation on the part of an employer to maintain the status quo" pending the arbitral decision (Conrail, 491 U.S. at 304), SMART-TD is not entitled to the

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF            -3-

preliminary injunctive relief it seeks. Its motion (Dkt. # 2) is therefore DENIED.

DATED this 24th day of August, 2015.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF                -4-